IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD JOYNER, Individually, | : | No. 04cv489 |
| and as personal representative of the | : | |
| Estate of Frank Joyner, Jr., | : | Judge Jones |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**November 17, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss or, in the Alternative, for Summary Judgment ("the Motion") (doc. 21) filed by Defendants on July 5, 2005. For the reasons that follow, the parties will be provided with ten (10) days from the date of this Order to render a submission or otherwise show cause as to why this case should not be transferred back to the United States District Court for the District of Columbia. If the Court does not receive such a submission within ten (10) days then the Court will transfer this action back to the United States District Court for the District of Columbia.

**PROCEDURAL HISTORY:**

The Plaintiff, Richard Joyner ("Plaintiff") individually and as the personal representative of the Estate of Frank Joyner, Jr., deceased, filed a complaint in the United States District Court for the District of Columbia on or about August 16, 2000. The complaint named the District of Columbia and the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg") as Defendants. After filing an answer to the complaint on November 24, 2000, USP Lewisburg filed a motion to dismiss the complaint or, in the alternative, to transfer the case to the Middle District of Pennsylvania. On December 13, 2001, the District of Columbia filed a motion to dismiss the complaint.

On or about March 21, 2002, Plaintiff filed a motion for leave to amend the complaint, which was granted by an April 3, 2002 order. The amended complaint names the following additional Defendants: Bureau of Prison ("BOP"); Odie Washington, Director, District of Columbia Department of Corrections; John Ashcroft, Attorney General of the United States; Scott Dodrill, Warden, USP-Lewisburg; and Unknown Defendants.

On April 15, 2002, the District of Columbia filed a motion for judgment on the pleadings, and to dismiss the amended complaint. The same day, the federal Defendants filed a motion to dismiss the amended complaint or, in the alternative,

to transfer the case to the Middle District of Pennsylvania. By June 2, 2003 Memorandum and Order, the United States District Court for the District of Columbia dismissed the case against the District of Columbia, Anthony Williams, Margaret Moore, and Odie Washington and transferred the case against the federal Defendants to this Court, which we will discuss in more detail in this narrative. The case was certified to this Court on March 3, 2004.

On April 29, 2005, a telephonic conference was held regarding Plaintiff's discovery requests and a pending request by the Federal BOP to stay discovery. By April 29, 2005 Order, the Court removed the case sub judice from the November 2005 trial list and placed it on the February 2006 trial list. We placed a moratorium on all discovery for a ninety day period, commencing with the date of the April 29, 2005 Order. (Rec. Doc. 20).

On July 5, 2005, the remaining Defendants filed the instant Motion, which has been fully briefed by the parties.

**FACTUAL BACKGROUND:**

This action arises out of the death of Plaintiff, Sgt. Richard Joyner's father, Frank Joyner, at USP Lewisburg. In the amended complaint brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), Plaintiff asserts violations of his father's Fifth, Eighth, and Fourteenth Amendment rights, and has asserted negligence and

3

intentional infliction of emotional distress supplemental state law claims.  Plaintiff asserts that his father was originally housed in the Lorton Institution in Washington D.C., but was subsequently transferred to USP Lewisburg.  Plaintiff's father had been housed at USP Lewisburg for approximately ten years at the time of his death on August 28, 1997, during which time he had allegedly been subjected to physical and emotional abuse by inmates and Lewisburg corrections staff.

In the amended complaint, Plaintiff alleges that members of the Lewisburg corrections staff were not properly trained, that Defendants failed to properly classify its prison population, and that Defendants failed to protect Frank Joyner from attacks by other inmates, notwithstanding actual notice of such danger on a daily basis.  (Am. Compl. ¶ 15).  On August 28, 1997, Frank Joyner was stabbed to death "approximately 92 times," allegedly by other inmates, "as members of the Lewisburg correctional staff stood by, taking no effective action to intervene."  Id. ¶ 16.  Plaintiff has brought this action seeking compensatory and punitive damages for the injuries and losses he has suffered as the result of the death of his father.

**DISCUSSION:**

We initially note that the Honorable Reggie B. Walton ("Judge Walton"), United States District Judge for the District of Columbia, transferred the instant case to this Court based on 28 U.S.C. § 1404(a).  Section 1404(a) of Title 28 of the

United States Code states, in pertinent part, as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*.

28 U.S.C. § 1404(a) (emphasis added). Under § 1404(a), two showings must be established for the case to be transferred to another district or division. First, a threshold question to consider is whether the action "might have been brought" in the proposed transferee district, the Middle District of Pennsylvania. High River P'ship v. Mylan Labs., Inc., 353 F.Supp.2d 487, 492 (M.D. Pa. 2005); see also Measurement Specialities, Inc. v. Stayhealthy.com, 275 F.Supp.2d 638, 640 (E.D. Pa. 2003). "*If* this limitation is met, the court must then weigh a list of factors." High River P'ship, 353 F.Supp.2d at 492 (emphasis added). Stated another way, a showing must be made that the transfer will serve the convenience of the parties and the witnesses, and the interests of justice. Savoy Owners Associates, Inc. v. Corporation of New York, 2003 U.S. Dist. LEXIS 3317, at *3 (S.D.N.Y. 2003).

In considering the Motion before the Court, it became apparent to us that the learned District Judge, likely through inadvertence, disregarded the above-referenced dictates of § 1404(a) in transferring this case to the Middle District of Pennsylvania, for the reasons that follow.

As Defendants accurately submit, in a Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens action"), where no federal statute of limitations exists, state time limits are adopted if not inconsistent with federal law.[1]  Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (concerning a suit brought pursuant to 42 U.S.C. § 1983). Section 1983 claims, which are equivalent to Bivens-type actions, are governed by the relevant state's statute of limitations for personal damages.  Id.  It is well-established that in Pennsylvania, actions to recover for personal damages must be commenced within two years and a cause of action accrues when the plaintiff knows or has reason to know of the damages that are the basis of the action.  42 Pa.C.S. § 5524(2); see also Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Deary v. Three Un-Named Police Officers, 746 F.2d 185, 193-4 (3d Cir. 1984).  In contrast to Pennsylvania's applicable two year statute of limitations, the District of Columbia applies a three year statute of limitations to Bivens cases.  See Arshal v. Dalton, 1996 U.S. App. LEXIS 32875, at *6 n.3 (9th Cir. 1996) (citing Hobson v. Wilson, 737 F.2d 1, 32 n. 99 (D.C. Cir. 1984)(holding that the District of Columbia's statute of limitations for Bivens actions is three years).  It is undisputed by the parties that Frank Joyner was murdered on August 28, 1997.

---

[1] We note that Plaintiff's submissions indicate that the Federal Tort Claims Act ("FTCA") claims are voluntarily withdrawn.  The remaining civil rights claim in the amended complaint is a Bivens claim.

Accordingly, in order to meet the requisite time limitations for an action to recover personal damages in Pennsylvania, Plaintiff's complaint must have been filed on or before August 28, 1999; however, it was not filed until August 25, 2000. Plaintiff therefore brought this action within the District of Columbia's three year statute of limitations, but Pennsylvania's applicable two year statute of limitations clearly reflect that *this case could not have originally been brought in Pennsylvania*. The transfer of this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) effectively gave rise to a potentially complete statute of limitations defense, which is exactly what the dictates and plain language of § 1404(a) were designed to prevent.[2]

To the extent that Defendants argue in their submissions, and will likely argue in future submissions, that the United States District Court for the District of

---

[2] We note that in their submissions before the United States District Court for the District of Columbia, the Federal Defendants requested that the District of Columbia dismiss Plaintiff's complaint or, alternatively, transfer this case to the Middle District of Pennsylvania. In requesting such transfer, the Federal Defendants addressed both 28 U.S.C. §§ 1404 and 1406. We find it puzzling that the Federal Defendants would request a transfer to this Court pursuant to § 1404, which was granted by Judge Walton as per his June 2, 2003 Memorandum and Order, and now argue before this Court that Judge Walton appears to have concluded that venue was improperly laid in the District of Columbia under § 1406, despite his references to § 1404(a).

A further puzzling aspect to this case is that it does not appear that Plaintiff referenced the two year Pennsylvania statute of limitations issue, that would likely arise if this case were transferred to the Middle District of Pennsylvania, in submissions to the United States District Court for the District of Columbia. Instead, it appears that Plaintiff focused upon the fact that it would be overly onerous and burdensome on him and other family members if the case were to be transferred.

Columbia "appears to have concluded that venue was improperly laid in the District of Columbia," we are guided by the clear language of Judge Walton's June 2, 2003 Memorandum and Order. (Rec. Doc. 32, at 9-12). In the June 2, 2003 Memorandum and Order, Judge Walton acknowledges that having deciding that the claims against the District of Columbia and its officials must be dismissed, the court was then to consider whether the case should remain in the District of Columbia or be transferred to the Middle District of Pennsylvania. In reviewing the issue of whether to transfer this case, Judge Walton first and foremost cited to the plain language of 28 U.S.C. § 1404(a), as well as caselaw addressing such statute. Joyner v. District of Columbia, Civil No. CV-00-2006, at 9 (D.D.C. June 2, 2003). As Defendants submit, § 1404(a) operates on the premise that the plaintiff has properly exercised his or her venue privilege, whereas § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid. Van Dusen v. Barrack, 376 U.S. 612, 634 (1964).

After dismissing the District of Columbia and District of Columbia officials as Defendants, Judge Walton noted that the only connection this action has with the District of Columbia is the situs of the BOP and the Attorney General's headquarters. Joyner, Civil No. CV-00-2006, at 10. Although Judge Walton explained that the interest of justice and convenience of the parties and witnesses

dictate that the case should be transferred to the Middle District of Pennsylvania, it is notable that the District Judge did not indicate that the District of Columbia was an *improper* venue in which the Plaintiff brought suit pursuant to 28 U.S.C. § 1406(a).  Instead, Judge Walton determined that the Middle District of Pennsylvania was a more *convenient* venue for this action under a different statute, that of 28 U.S.C. § 1404(a).  We decline to read into Judge Walton's order rationale under § 1406(a) which is nowhere present therein.

Finally, the parties disagree as to whether the statute of limitations of the transferor or the transferee court applies to this <u>Bivens</u> action.  Although the parties appear to agree the Supreme Court instructed that when a defendant in a diversity action moves for a transfer of venue under § 1404(a), the state law that would have applied in the transferor court adheres to the case, <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964), the state of the law is neither settled nor uniform regarding the proper statute of limitations law to apply with regard to federal question cases, such as the instant one.  We need not reach this issue however, nor do we express any opinion as to the merits of Defendants' Motion, because our intention under the circumstances of this case is to transfer it back to the United States District Court for the District of Columbia.  It would be a supreme injustice to the Plaintiff in our opinion if we were to determine that Pennsylvania's two year statute of limitations

is an absolute bar to this action, which appears to us to at least colorably have been properly brought in the United States District Court for the District of Columbia. It is likewise clear to us, as previously noted, that it was not Judge Walton's intention to transfer this case to our docket in order to allow it to be dismissed on statute of limitations grounds which were not available in his jurisdiction.

Accordingly and as stated, justice dictates that our only course of action under the circumstances is to transfer this case back to the United States District Court for the District of Columbia. We truly hesitate to take this unorthodox step which has the appearance of judicial "ping-pong;" however, we see no other way to resolve what is an evident problem. As we previously indicated, the parties will be provided with ten (10) days from the date of this Order to render a submission or otherwise show cause as to why this case should not be transferred back to the United States District Court for the District of Columbia. If the Court does not receive such a submission within ten (10) days from the date of this Order, then we will transfer this action back to the United States District Court for the District of Columbia.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The parties will be provided with ten (10) days from the date of this Order to render a submission or otherwise show cause as to why this case should not be transferred back to the United States District Court for the District of Columbia.

2. If the Court does not receive such a submission within ten (10) days, then the Court will transfer this action back to the United States District Court for the District of Columbia.

s/ John E. Jones III
John E. Jones III
United States District Judge
